# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## STATE OF TENNESSEE v. ANTHONY CROWE

### Circuit Court for McNairy County
### No. 1465A

---

### No. W2003-00800-CCA-R3-CD  - Filed April 30, 2004

---

JAMES CURWOOD WITT, JR., J., dissenting.

I respectfully disagree with the majority opinion's conclusion that the defendant's motion to withdraw his plea was properly denied. I believe that a sufficient factual basis for the defendant's plea is lacking and that the plea was the result of a mistaken belief regarding criminal liability, such that manifest injustice permits the plea to be withdrawn.

Regarding facilitation of first degree murder, to which the defendant pleaded *nolo contendere*, Code section 39-11-403 provides as follows:

> **Criminal responsibility for facilitation of felony. --** (a)  A person is criminally responsible for the facilitation of a felony if, knowing that another intends to commit a specific felony, but without the intent required for criminal responsibility under § 39-11-402(2), the person knowingly furnishes substantial assistance in the commission of the felony.
>
> (b)  The facilitation of the commission of a felony is an offense of the class next below the felony facilitated by the person so charged.

Tenn. Code Ann. § 39-11-403 (2003).

The state's recital of its proof at the plea submission is inadequate, in my opinion, to establish that the defendant "knowingly furnish[ed] substantial assistance in the commission" of the homicide. By all accounts that appear in this record -- the plea submission, the presentence report, the sentencing hearing, and the plea withdrawal hearing -- Ms. Borden and Tommy Poe initiated the confrontation leading to the death of Mr. Smith. The record is silent about anything that the defendant may have said or done before arriving at Mr. Smith's residence, and any possible

animosity between the defendant and the victim is not evident. The defendant, moreover, did not drive the automobile, nor did he participate in luring Mr. Smith into opening his front door. Nothing in the record suggests that the defendant was armed or that he procured the baseball bat for Poe. Likewise, the defendant clearly was not involved in the actual restraint of or violent assault upon Mr. Smith.

Simply stated, the prosecution's factual submission is devoid of evidence that the defendant loaned any assistance to Poe's homicidal endeavor. By contrast, in *State v. John Lee Monholland*, No. 03C01-9410-CR-00396 (Tenn. Crim. App., Knoxville, Aug. 16, 1995), the court found the evidence sufficient to prove facilitation of burglary and theft by a defendant who was a passenger in the car that dropped the thief off in the neighborhood where the burglary occurred based on evidence that the defendant supplied directions to the targeted house. According to the court, "Directing the burglar to the house to be burglarized would be considered substantial assistance in committing the crime." *Id.*, slip op. at 6; *see also State v. Barry Waters Rogers*, No. M1999-01358-CCA-R3-CD, slip op. 4-5 (Tenn. Crim. App., Nashville, Sept. 15, 2000) (evidence that defendant transported perpetrator to a convenience market to purchase gasoline and that tape and a hatchet from defendant's truck were used to assemble a Molotov cocktail was sufficient to support conviction for facilitation of arson); *State v. Robert Lawrence Simpkins, Jr.*, No. M1998-00122-CCA-R3-CD, slip op. at 6 (Tenn. Crim. App., Nashville, Jan. 7, 2000) (evidence that defendant assisted assailant with disposing of victim's body and vehicle and later waited for assailant was sufficient to support conviction for facilitation of second degree murder).

The presentence report, likewise, supplies no enlightenment about anything that the defendant might have done to knowingly furnish substantial assistance to Poe, and the defendant's lengthy statement to the presentence investigator amounts to nothing more than an admission that he was present when Poe assaulted Mr. Smith and that the defendant fled the house because he feared for his own physical safety. Moreover, nothing relevant to facilitation came out during the sentencing hearing. The trial court found no sentencing enhancement factors, and the state struggled to justify its sentencing recommendation for the defendant. Prosecution counsel argued that although the defendant did not have a record, had presented favorable witnesses, and had some sympathy from the victim's family, "he's down there and a man is killed" and that the defendant did not notify the police about what had happened.

Tennessee Criminal Procedure Rule 11(f) places a specific obligation on the trial court to satisfy itself that there is a factual basis for the plea before entering judgment upon such plea. *See* Tenn. R. Crim. P. 11(f). The weight or persuasiveness of the state's evidence is not the benchmark, and the state is not required to formally "prove" its case; rather, the focus is on the relationship between the law and the conduct that the defendant admits to having committed. In this case, the defendant made no statements during the plea colloquy that constituted an admission of guilt to facilitation. Rather, the court asked if defense counsel stipulated the facts as recited by the state in its offer of proof. Inasmuch as the state's offer of proof was, in my opinion, inadequate to establish the offense of facilitation, the defense stipulation "[t]hat is substantially what [the defendant's] position is" does not operate as an admission of guilt to facilitation.

If the majority holding is that a defendant's bare plea of "guilty" or "no contest" provides the factual basis contemplated by Criminal Procedure Rule 11(f), I must respectfully disagree. Rule 11(f), requiring a factual basis to support the plea, would be meaningless if the plea itself created its own factual basis. Rule 11(f), unless it is to be rendered superfluous, must contemplate that something independent of the plea appear of record, which taken as true, shows that the defendant is, in fact, guilty.

Adding to or exacerbating the "manifest injustice" in this case is the defendant's testimony at the hearing on his plea-withdrawal motion that he did not understand the legal concept of facilitation. He said that he told former counsel that he would plead to facilitation "if it meant I didn't have nothing to do with the murder of Mr. Smith." According to the defendant,

> I was there and I seen something I shouldn't have seen, and maybe I should have called the law, but when I got to a phone to where I could have called the law, [Poe], he was right there with me, and I means, you know, after he just killed a man, I'm not going to sit there and pick up a phone and, you know, call the law, you know, with him standing right there with me.
>
> . . . .
>
> . . . See, I am guilty of being there and seeing it, you know, and I thought that's what I was pleading guilty to. And if that's what the time carries just for me being there and seeing it is, you know, then I'm ready to do it. But I didn't have anything to do with the death of Mr. Smith.

The defendant's testimony that he thought he was pleading guilty to "being there and seeing it" is consistent with the state's factual recitation -- which, indeed, portrayed the defendant's criminal liability as stemming from nothing more than his presence at the crime scene. In other words and not surprisingly, the state's inadequate factual basis, combined with the trial court's acceptance of the plea, cemented in the defendant's mind the mistaken belief that he could be criminally sanctioned for merely being present. This fundamental mistake or misunderstanding, in my opinion, considered in conjunction with the inadequate factual basis, create a manifest injustice supporting the withdrawal of the plea to facilitation.

Finally, I do not believe that the trial court's stated reasons for denying the defendant's motion to withdraw his plea support that action. The trial court observed that had the case gone to trial, it would have been a jury question whether the defendant would have been criminally responsible for the action of Poe. That observation, although self-evident, is irrelevant. Any time that a case proceeds to jury trial, the jury is asked to resolve the factual disputes presented. Likewise, the trial court's statement that had there been a trial, the defendant would have run the risk of being convicted is accurate but, again, immaterial. Abstractly speaking, the plea-bargain process

-3-

has distinct advantages to all involved parties. Nonetheless, Criminal Procedure Rule 32(f) recognizes that situations may exist wherein a defendant should be allowed to withdraw his plea to correct a manifest injustice.

Perhaps the most striking feature of the trial court's rationale for refusing to allow the defendant to withdraw his plea was the statement that had the case gone to trial, "the issue would have been then at that time whether or not [the jury] believed the defendant in his statements about his participation." Of course, in his statements, the defendant consistently denied that he participated or was involved in the victim's death. Although a jury would be entitled to reject the defendant's statements, "disbelief of the defendant is not sufficient grounds upon which to base an inference of . . . an essential element of the crime with which the state must prove beyond a reasonable doubt." *State v. Thaddaeus Medford*, No. W2002-00226-CCA-R3-CD, slip op. at 31 (Tenn. Crim. App., Jackson, Oct. 21, 2003) (citing *State v West*, 844 S.W.2d 144, 148 (Tenn. 1992) ("Although the jury is permitted to disbelieve the defendant's testimony, it may not construct a theory based on no evidence at all.")); *see United States v. Tyler*, 758 F.2d 66, 70 n.3 (2d Cir. 1985) ("When the testimony of a witness is not believed, the trier of fact may simply disregard it. Normally, the discredited testimony is not considered a sufficient basis for drawing a contrary conclusion.") (quoting *Bose Corp. v. Consumers Union*, 466 U.S. 485, 513, 104 S. Ct. 1949, 1966 (1984)); *State v. William Earl Ramsey*, No. 03C01-9203-CR-00070, slip op. at 6 (Tenn. Crim. App., Knoxville, May 13, 1993). Consequently, I cannot accept the trial court's rationale why the plea to facilitation must stand.

I would reverse the trial court's ruling and permit the defendant to withdraw his plea without prejudice to the state to proceed on its original charge or negotiate an alternate disposition supported by an adequate factual basis.

_____
JAMES CURWOOD WITT, JR., JUDGE